JUNE 10, 09

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
(618) 692-6240
WWW.CO.MADISON.IL.US


JUN 2009
Received
Sheriff
Macoupin County

LOCKLEAR ELECTRIC INC AN ILLINOIS CORP IND AND AS THE REP OF
PLAINTIFF

VS.

DATE: 6/10/2009

CASE No. 2009 L 000605

LAY THEODORE DBA TED LAY EAL ESTATE AGENCY
214 W CENTER ST
GIRARD    IL 62640

DEFENDANT

DEFENDANT LAY THEODORE DBA TED LAY EAL ESTATE AGENCY:

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Madison County Circuit Clerk, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

Witness, MATT MELUCCI the Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois, this JUNE 10, 09.



MATT MELUCCI
CLERK OF THE CIRCUIT COURT

BY: _____
       Deputy Clerk

Served
6/17/09

========================================================================
(Plaintiff's attorney or plaintiff if he is not represented by an attorney)

ROBERT J. SPRAGUE
SPRAGUE AND URBAN
26 E WASHINGTON ST
BELLEVILLE    IL 62220

Date of Service: _____, 20____
(To be inserted by officer on the copy left with the defendant or other person)

EXHIBIT
A

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

FILED
JUN 09 2009
CLERK OF CIRCUIT COURT #68
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

LOCKLEAR ELECTRIC, INC., an Illinois )
corporation, individually and as the representative of )
a class of similarly-situated persons, )
 )
                            Plaintiff, )
     v. )   09-L-605
 )
THEODORE LAY AND NORMA LAY d/b/a TED )
LAY REAL ESTATE AGENCY, )
 )
                            Defendants. )

## CLASS ACTION COMPLAINT

Plaintiff, LOCKLEAR ELECTRIC, INC. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, THEODORE LAY AND NORMA LAY d/b/a TED LAY REAL ESTATE AGENCY ("Defendants"):

### PRELIMINARY STATEMENT

1.    This case challenges Defendants' practice of faxing unsolicited advertisements.

2.    The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.    Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants have transacted business and committed tortious acts related to the matters complained of herein.

7. Venue is proper in Madison County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Madison County, Illinois.

8. Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9. Plaintiff is an Illinois corporation with its principal place of business in Madison County, Illinois.

10. On information and belief, Defendants, THEODORE LAY and NORMA LAY are residents of Girard, Illinois who operate a real estate business under the name TED LAY REAL ESTATE AGENCY.

## FACTS

11. On or about June 13, 2006 Defendants faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

12. Plaintiff had not invited or given permission to Defendants to send fax advertisements.

13. On information and belief, Defendants faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes and (4) with whom Defendants does not have an established business relationship.

17. A class action is warranted because:

(a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

3

(b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i) Whether Defendants sent unsolicited fax advertisements;

(ii) Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv) Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v) Whether Defendants violated the provisions of 47 USC § 227;

(vi) Whether Plaintiff and the other class members are entitled to statutory damages;

(vii) Whether Defendants should be enjoined from faxing advertisements in the future; and

(viii) Whether the Court should award trebled damages.

18. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

21. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

23. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

24. Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25. The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

26. Defendants knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax

5

advertisements about Defendants' goods or services and that Plaintiff and the other class members did not have an established business relationship with Defendants.

27. Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28. Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, LOCKLEAR ELECTRIC, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, THEODORE LAY AND NORMA LAY d/b/a TED LAY REAL ESTATE AGENCY, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 in damages for each violation of the TCPA;

C. That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D. That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendants does not have an established business relationship.

31. A class action is proper in that:

    (a) On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

    (b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

        (i) Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

        (ii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

        (iii) Whether Defendants committed the tort of conversion.

7

32. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

33. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

35. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36. By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

37. Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

39. Each of Defendants' unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

40. Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machines for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, LOCKLEAR ELECTRIC, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, THEODORE LAY AND NORMA LAY d/b/a TED LAY REAL ESTATE AGENCY, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B. That the Court award appropriate damages;

C. That the Court award costs of suit; and

D. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

41. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42. In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendants' unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendants does not have an established business relationship.

43. A class action is proper in that:

(a) On information and belief the class consists of more than 40 . persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i) Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

(ii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii) Whether Defendants' practice of sending unsolicited faxed advertisements violates Illinois public policy;

10

(iv) Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v) Whether Defendants should be enjoined from sending unsolicited fax advertising in the future.

44. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46. Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

47. Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to forty or more persons.

48. Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49. Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper

11

and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, LOCKLEAR ELECTRIC INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, THEODORE LAY AND NORMA LAY d/b/a LAY REAL ESTATE AGENCY, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award damages to Plaintiff and the other class members;

C. That the Court award attorney fees and costs;

D. That the Court enter an injunction prohibiting Defendants from sending unsolicited faxed advertisements to Illinois consumers; and

E. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

LOCKLEAR ELECTRIC, INC., individually and as the representative of a class of similarly-situated persons

By: _____
One of Plaintiff's Attorneys

12

Robert J. Sprague
SPRAGUE & URBAN
26 East Washington Street
Belleville, IL 62220
Telephone : 618/233-8383

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

**EXHIBIT A**

## FOR SALE

LARGE, MONEYMAKING CARWASH.

6 CARS CAN BE WASHED AT THE SAME TIME.

EXTRA 2 CAR GARAGE.

20 MILES SOUTH OF SPRINGFIELD, ILLINOIS.

FAX FOR DETAILS (217) 627-2678

TED LAY REAL ESTATE AGENCY
214 W. CENTER ST.
GIRARD, ILLINOIS 62640

---

WARNING – We report to the state bar association and file criminal and civil charges against lawyers and others who "Fax Bait" or attempt extortion against sponsors or us. We receive fax numbers and permission to fax from web pages, yellow pages, or businesses themselves. Date and time stamp at top. To STOP receiving faxes, call "Remove" (below.) This message is the property of Macaw, SRL, 46 Match Factory St, Sec 5, Buc, Rom, 050183, 40723294564, which is solely responsible for its contents and destinations. Customer Service (718) 360-1330, ext 232, toll free "Remove" (800) 991-9484, ext 399.  WARNING – Although we charge nothing to use the "800" number, your telephone company could charge you $1.00 or more per minute if you use it internationally.

**"Remove" Hotline, (718) 360-0971, ext 233**

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS



LOCKLEAR ELECTRIC, INC., an Illinois )
corporation, individually and as the )
representative of a class of similarly-situated )
persons, )
)
    Plaintiff, )
)
vs. )  Case No. 09- L-605
)
THEODORE LAY AND NORMA LAY d/b/a )
TED LAY REAL ESTATE AGENCY, )
)
    Defendants. )

## COMPLAINT

### AFFIDAVIT RE: DAMAGES SOUGHT

The undersigned, Robert J. Sprague, in accordance with Supreme Court Rule 222(b) states that the total amount of damages ought in this case does exceed $50,000.00.

_____
ROBERT J. SPRAGUE

ROBERT J. SPRAGUE-#2693690
SPRAGUE AND URBAN
26 E. Washington Street
Belleville, IL 62220
(618) 233-8383

Subscribed and sworn to before me this 9th day of June, 2009.

_____
NOTARY PUBLIC

OFFICIAL SEAL
MELISSA R. WILSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-11-2012