IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LOCKLEAR ELECTRIC, INC., an Illinois corporation, individually, and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-cv-0531-MJR |
| | ) | |
| THEODORE LAY and NORMA LAY d/b/a TED LAY REAL ESTATE AGENCY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM and ORDER

REAGAN, District Judge:

## I.  Introduction

        Locklear Electric, Inc., has filed a putative class action complaint against

Theodore and Norma Lay d/b/a Ted Lay Real Estate Agency (collectively, "the Lays"),[1]

complaining that it received an unsolicited fax advertisement from the Lays on June 13,

2006.  On August 4, 2009, the undersigned Judge determined that this Court enjoys

subject matter jurisdiction over the above-captioned case, which  was timely removed

from the Circuit Court of Madison County, Illinois.  Prior to this determination, on July

24, 2009, the Lays moved to dismiss two counts of Locklear's three-count complaint.

---

        [1]The September 3, 2009 death of Theodore Lay was suggested upon the record
on September 14, 2009 (Doc. 21).

1

That fully-briefed dismissal motion (Doc. 8) comes now before the Court.

## II.  Applicable Legal Standards and Analysis

Locklear claims that the Lays faxed it an unsolicited advertisement on June 13, 2006.  Locklear believes that the Lays faxed the same or similar advertisements to 39 or more other recipients without first receiving their invitation or permission. Locklear contends that it and other class members have no means to avoid receiving illegal faxes because fax machines are left on to receive faxes that their owners desire to receive.

Locklear alleges that the Lays violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (Count I), committed the tort of conversion (Count II) and violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA") (Count III).  Locklear seeks $500.00 in damages for each violation of the TCPA and an injunction barring the Lays from sending unsolicited faxed advertisements to Illinois consumers plus attorneys' fees and costs.

Having answered Count I of Locklear's complaint, the Lays urge the Court to dismiss Counts II and III for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

In making this assessment, the District Court accepts as true all well-pled

factual allegations and draws all reasonable inferences in plaintiff's favor. *Tricontinental Industries, Inc., Ltd. v. PriceWaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.), *cert. denied*, 128 S. Ct. 357 (2007); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989).

Stated another way, the question on a Rule 12(b)(6) motion is whether the complaint gives the defendant fair notice of what the suit is about and the grounds on which the suit rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Mosely v. Board of Education of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). Additionally, although federal complaints need only plead claims not facts, the pleading regime created by *Bell Atlantic* requires the complaint to allege a plausible theory of liability against the defendant. *Sheridan v. Marathon Petroleum Co., LLC*, 530 F.3d 590, 596 (7th Cir. 2008). *See also Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803-04 (7th Cir. 2008).

In the instant case, the issues are dual - whether Count II must be dismissed because it is barred by the doctrine of *de minimis non curat lex*, or the law does not concern itself with trifles, and whether Count III must be dismissed because the alleged conduct does not violate the ICFA. As explained below, dismissal is not warranted.

A. <u>Conversion</u>

Conversion under Illinois law is "the unauthorized deprivation of property from a person entitled to its possession." *IOS Capital, Inc. v. Phoenix Printing, Inc.*,

808 N.E.2d 606, 610 (Ill.App. 4 Dist.2004), *citing Sandy Creek Condominium Ass'n v. Stolt & Egner, Inc.*, 642 N.E.2d 171, 174 (1994). To state a claim for conversion, the plaintiff must allege (1) a right in the property, (2) a right to immediate possession, (3) wrongful control by the defendant, and (4) a demand for possession." *Id., citing Cirrincione v. Johnson*, 703 N.E.2d 67, 70 (1998); *Green v. Anthony Clark Intern. Ins. Brokers, Ltd.,* 2009 WL 2515594, *3 (N.D.Ill. 2009).

The Lays' sole argument against conversion is that the law does not concern itself with trifles, that is, that Locklear's damages are "miniscule to the point of non-existent."

The Court disagrees, finding persuasive the analysis of Judge Kennelly in the *Green* case.  By sending the unsolicited fax, the Lays converted Locklear's toner and paper in its fax machine. *See Green*, 2009 WL 2515594 at *3. Locklear claims a right in its fax machine and its supplies and to immediate possession thereof. *See id.* Locklear was deprived of those supplies by the Lays' sending the unsolicited fax, thereby suffering economic damage. *See id.*  And the Lays should have known that their conduct was wrongful and without Locklear's consent. *See id.*

"Even very small individual harms can be considered substantial, if they are part of a practice that, in the aggregate, causes substantial losses to the public as a whole." *Centerline Equip. Corp. v. Banner Pers. Serv., Inc.*, 545 F.Supp.2d 768, 780 (N.D.Ill. 2008) (citation omitted).  Stated simply, stealing a dollar from a million people ought not preclude recovery where stealing a million dollars from one person would not.

The Court will not assume at this stage of the proceeding that a class claim could not be more substantial than *de minimis*. *Centerline*, 545 F.Supp.2d at 782, *citing Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 41-42, n. 9 (1st Cir.2003) and *Egge v. Healthspan Servs.*, 208 F.R.D. 265, 271 (D.Minn.2002) (certifying a class action by which each individual plaintiff stood to recover approximately twenty-one cents).

For these reasons, the Lays' motion to dismiss the conversion claim must be denied.

### B. ICFA Claim

In *Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Financing Services, Inc.*, 536 F.3d 663 (7th Cir. 2008), the United States Court of Appeals for the Seventh Circuit examined what is needed to state a claim under the ICFA. The Seventh Circuit referenced the purposes of the ICFA and then focused on the conduct covered thereunder:

> The Illinois Consumer Fraud Act "is a regulatory and remedial statute intended to protect consumers … against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Robinson v. Toyota Motor Credit Corp.*, … 775 N.E.2d 951, 960 (Ill. 2002). The Supreme Court of Illinois has held that recovery under the Consumer Fraud Act "may be had for unfair as well as deceptive conduct." *Id.* … [T]hree considerations guide an Illinois court's determination of whether conduct is unfair under the Consumer Fraud Act: "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers."

536 F.3d at 669.  So, the ICFA protects consumers against fraud and other abusive acts by businesses that market products to the public.  *BASF AG v. Great American Assur. Co.,* 522 F.3d 813, 821 (7th Cir. 2008).

"All three criteria do not need to be satisfied to support a finding of unfairness. 'A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.'"  *Galvan v. Northwestern Memorial Hosp.,* 888 N.E.2d 529, 536 (Ill.App. 1 Dist. 2008), *quoting Robinson,* 775 N.E.2d 951.

The Lays contend that sending unsolicited faxes does not constitute an unfair practice as understood under the ICFA. The Court disagrees and finds that all three factors are satisfied in the matter *sub judice.*

"The practice of sending unsolicited advertisement faxes is generally prohibited under the TCPA, 47 U.S.C. § 227(b)(1)(C), and is a misdemeanor criminal offense under Illinois law."  *R. Rudnick & Co. v. G.F. Protection, Inc.,* 2009 WL 112380, *1 (N.D.Ill. 2009), *citing* 720 Ill. Comp. Stat. 5/26-3(b).  "These federal and state statutes are evidence that the sending of unsolicited advertisement facsimiles is counter to public policy."  *Id.*

For purposes of the current motion to dismiss, sending unsolicited faxes also appears oppressive as the term is understood under the ICFA. It implicates the right to privacy insofar as it violates a person's seclusion.  *Valley Forge Ins. Co. v. Swiderski*

*Electronics, Inc.*, 860 N.E.2d 307, 315-316 (Ill. 2006), *citing Park University Enterprises, Inc. v. American Casualty Co. of Reading, Pennsylvania*, 442 F.3d 1239, 1249 (10th Cir. 2006) ("Courts have consistently held the TCPA protects a species of privacy interests in the sense of seclusion"); *Resource Bankshares Corp. v. St. Paul Mercury Insurance Co.,* 407 F.3d 631, 639-40 (4th Cir. 2005) ("[T]he harm occasioned by unsolicited faxes involves protection of some sort of 'privacy.' Junk faxes cause some economic damage and what might be called some kind of harm to privacy.  The TCPA's private right of action obviously meant to remedy and prevent these twin harms") (additional citations omitted).   Furthermore, those receiving unsolicited faxes have no way to prevent their reception, and no remedy available after the fax is received.  *Id.* at 316.

As explained above, small harms may, in the aggregate, cause substantial losses.  *Centerline,* 545 F.Supp.2d at 780 (citation omitted).  Locklear alleges that the Lays' actions affected, besides itself, more than 39 other recipients.  As such, Locklear has sufficiently alleged the possibility of substantial injury.

Upon considering these factors, the Court concludes that the Lays' alleged activity may be shown to be an unfair practice under the ICFA.  Accordingly, their motion to dismiss the ICFA claim must be denied.

III.  Conclusion

For the above-stated reasons, the Court **DENIES** the Lays' motion to dismiss (Doc. 8).

IT IS SO ORDERED.

DATED this 7th day of December, 2009.

S/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge