IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOCKLEAR ELECTRIC, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, )<br><br>Plaintiff, )<br>v. )<br>)<br>NORMA L. LAY, as Executor of the Estate of )<br>THEODORE LAY, )<br>Defendant. ) | Case No.  09-cv-0531-MJR |

## FINAL APPROVAL OF SETTLEMENT AGREEMENT AND JUDGMENT

WHEREAS, Plaintiff (on behalf of itself and the Class) and Defendant filed an executed Settlement Agreement (the "Agreement") with the Court on April 19, 2010; and

WHEREAS, the Court, on June 7, 2010, entered an Order Preliminarily Approving the Class Action Settlement, and Approving the Class Action Settlement Notice (the "Preliminary Approval Order"), and directed that the Notice of Proposed Settlement be distributed to Class Members, and scheduled a hearing to be held on September 8, 2010 at 1:30 P.M., to determine whether the Settlement should be approved as fair, reasonable, and adequate; and

WHEREAS, Plaintiff has demonstrated to the Court that such Notice of Proposed Settlement was distributed in accordance with the terms of the Preliminary Approval Order; and

WHEREAS, in accordance with the Notice of Proposed Settlement disseminated to the Class Members, a hearing was held on September 8, 2010 at 1:30 P.M., at which all interested persons were given an opportunity to be heard;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Agreement, including statements in open court, finds and concludes as follows:

I. II. The Complaint in this action alleged that Defendant faxed unsolicited advertisements to Plaintiff and the other members of a putative class. The Complaint alleged Defendant's practice violated federal law and caused damages to Plaintiff and the other members of a putative class.

III. IV. On June 7, 2010, the Court certified the following Class by agreement of the parties:

> All persons who between June 1, 2006 and June 30, 2006 were sent faxes by or on behalf of the "Ted Lay Real Estate Agency" advertising the commercial availability of a "Large, Moneymaking Carwash" for sale south of Springfield, Illinois.

A. The Court hereby affirms this definition of the Class for purposes of this Final Judgment. The Court appointed Plaintiff to represent the Class and appointed Plaintiff's attorneys as class counsel.

V. VI. The Court certified the Class as defined above after finding that the requirements of Federal Rule of Civil Procedure Rule 23 were met, because: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are common questions of fact or law that predominate over any questions affecting only individual members; (3) the claims or defenses of Plaintiff are typical of the claims or defenses of the Class; (4) Plaintiff and its attorneys fairly and adequately protect the interests of the Class; (5) common questions of law or fact predominate over individual questions; and (6) a class action be the superior method for adjudicating the claims.

VII. VIII. Plaintiff and Defendant executed the Agreement and filed it with the Court. The Agreement provides for the settlement of this action on behalf of Plaintiff and the Class, subject to the Court's approval. The Court scheduled a hearing to consider approval of the Agreement, and directed that notice of the Agreement and of this hearing be disseminated to

the Class in accordance with the terms of the Preliminary Approval Order.

IX. X. In accordance with the terms of both the Agreement and the Preliminary Approval Order, Plaintiff caused the Notice of Proposed Settlement to be disseminated, informing potential Class Members of the pendency of this Action and of the terms of the settlement, and of their opportunity to request exclusion from the Class or to object to the terms of the settlement. Plaintiff's attorneys confirmed to the Court on September 8, 2010, that the dissemination of the Notice of Proposed Settlement had occurred in accordance with the Preliminary Approval Order.

XI. XII. The Court hereby finds that the Notice of Proposed Settlement disseminated to the Class Members in accordance with the terms of the Preliminary Approval Order constituted the best notice practicable under the circumstances. The Declaration confirming dissemination of the Notice of Proposed Settlement filed with this Court demonstrates that this Court's Preliminary Approval Order with respect to dissemination of the Notice of Proposed Settlement was complied with, and that the best notice practicable under the circumstances was in fact given, and constituted valid, due, and sufficient notice to Class Members.

XIII. XIV. Plaintiff and Defendant have applied to the Court for final approval of the terms of the Agreement and for the entry of this Final Approval Order. Pursuant to the Notice Proposed Settlement, and upon notice to all parties, a hearing was held before this Court on September 8, 2010, to determine whether the Court should approve the Agreement as a fair, reasonable, and adequate compromise of this litigation, and whether the Final Approval Order, without prejudice to the enforcement of the final judgment entered, should be entered.

XV. XVI. The Court hereby finds that the Agreement is the result of good faith

arm's-length negotiations by the parties thereto, and that it will further the interests of justice. The Settlement Agreement is hereby incorporated into and adopted as part of this Order.

  XVII. 9. Additionally, based upon the evidence in the record and statements made in open court, the Court finds that:

    a. the settlement is made in reasonable anticipation of liability;

    b. the settlement amount was fair and reasonable;

    c. Defendant's decision to settle conformed to the standard of a prudent uninsured;

    d. the damages amount agreed to is what a reasonably prudent person in Defendant's position would have settled for on the merits of the claims in this Litigation;

    e. Ted Lay sent 3,478 unsolicited faxed advertisements between June 1, 2006 and June 30, 2006;

    f. Ted Lay believed that he had the consent of the fax recipients when it sent the faxes;

    g. Ted Lay did not intend to injure the fax recipients;

    h. Ted Lay promptly tendered this lawsuit to Standard Mutual Insurance Company and that company agreed to defend this matter, but reserved its rights and then filed suit seeking to void coverage.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

A. The Court possesses jurisdiction over the subject matter of this Action, the Plaintiff, the Class Members, and Defendant.

B. The Court certifies the following class:

> All persons who between June 1, 2006 and June 30, 2006 were sent faxes by or on behalf of the "Ted Lay Real Estate Agency" advertising the commercial availability of a "Large, Moneymaking Carwash" for sale south of Springfield, Illinois.

C. The Court appoints Plaintiff as the class representative and appoints Plaintiff's attorneys, Brian J. Wanca of Anderson + Wanca, Robert J. Sprague of Sprague & Urban, and Phillip A. Bock of Bock & Hatch, LLC as class counsel.

D. It is hereby determined that the Notice of Proposed Settlement, as disseminated to

members of the Class in accordance with provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all members of the Settlement Class, and is therefore finally approved as reasonable. Due and adequate notice of the pendency of this Action and of this Settlement has been provided to members of the Class, and this Court hereby finds that the notice program described in the Preliminary Approval Order and completed by Plaintiff complied fully with the requirements of due process, under Federal Rule of Civil Procedure 23, and all other applicable laws.

E. Two (2) members of the Class filed Requests for Exclusion.

    1.    Robert W. Weaver
        First Baptist Church
        223 South Sixth St., PO Box 395
        Vandalia, IL 62471

    2.    Bruce Webb
        Bruce Webb Insurance Agency, Inc.
        P.O. Box 358
        115 E. Broad St.
        Raymond, IL 62560

F. Those two persons are hereby excluded from the Class. All remaining Class Members are bound by this Final Judgment and by the Agreement and the settlement embodied therein, including the covenant not to execute provided for in the Agreement and in this Final Approval Order.

G. All provisions and terms of the Agreement are hereby found to be fair, reasonable, and adequate as to the Class Members and Plaintiff, and all provisions and terms of the Agreement are hereby finally approved in all respects. The Agreement was made in reasonable anticipation of liability. The settlement amount is fair and reasonable. Defendant's decision to settle conforms to the

    standard of a prudent potentially uninsured.  The agreed judgment amount is what a reasonably prudent person in Defendant's position would have settled for.

H.     The Court enters judgment on Counts I, II and III of the Class Action Complaint against Defendant in the total amount of $1,737,500.00.  The Judgment shall be satisfied only through the proceeds of Defendant's insurance policies. Any recovery obtained on the Judgment shall not be disbursed except upon approval by the Court.  The Court retains jurisdiction over this case for purposes of implementing this order.

I.     The Court hereby approves Defendant's assignment to the Class of all of Defendant's claims, rights to payment, and rights of action against every insurer covering any part of the period June 1, 2006 through June 30, 2006.

J.     It is hereby ordered that Plaintiff shall receive $9,500 from any recovery against Defendant's insurer(s), in accordance with the Agreement, as an incentive payment for its services to the Class.  It is hereby ordered that Plaintiff's attorneys shall receive attorneys' fees equal to one-third plus litigation expenses from any recovery against Defendant's insurer(s), before any other deductions, in accordance with the Agreement.

K.     It is hereby ordered that each Class member, including Plaintiff, who did not exclude himself will be mailed a pro rata share of the amount recovered.  Such payments will be made by checks void 90 days after issuance.

L.     It is hereby ordered that any funds received from Defendant's insurer(s) remaining after payment of all class administration costs, the incentive award to Plaintiff, the attorney's fees and litigation expenses to Plaintiff's attorneys, and all

        payments to the class members, shall be paid as a *cy pres* award to a charity or charities approved by this Court at the request of Plaintiff's attorneys.

M. On the Effective Date, any Class member who did not opt out will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendant and/or any of their agents and assigns in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or circumstances relating thereto, in or underlying the Action and/or the settled claims as defined in the Agreement; and all persons shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendant and her agents and assigns (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not timely excluded themselves from the Class if such other lawsuit is based on or related to the claims and causes of action or the facts and circumstances relating thereto, in this Action and/or the settled claims.

N. Plaintiffs and each Class Member, and their heirs, executors, administrators, representatives, agents, successors and assigns, and any and all other Persons claiming through or by virtue of them, have covenanted with Defendant not to execute on the Judgment against any non-insurance asset or property of

      Defendant, or any of its agents, assigns or legal representatives thereof, but rather have agreed to pursue collection of the Judgment solely against Defendant's insurance policies and Defendant's insurer(s) only. This provision does not release the judgment against Defendant to be entered herein, nor does it release the asserted claims that are the basis for the entry of the judgment or the right to enforce the judgment in favor of the Plaintiff and the Class against Defendant's insurers only.

O.   The terms of the Agreement and of this Order and the accompanying Final Judgment shall be forever binding on Plaintiff and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve settled Claims.

P.   The Court has jurisdiction to enter this Order. Without in any way affecting the finality of this Order and the accompanying Final Judgment, the Court expressly retains continuing exclusive jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement, this Order, and the final judgment contained herein and any future recovery for the class against Defendant's insurers.

Q.   Defendant shall cooperate fully with Plaintiff in all subsequent actions against Defendant's insurers.

R.   This is a final and appealable order and there is no just reason to delay

enforcement or appeal.

S. Post-judgment interest shall accrue from the date of entry of this Judgment Order.

**IT IS SO ORDERED.**

**Dated September 8, 2010**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**